UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIPTON LAW CENTER, P.C.,

     Plaintiff,                Case No.: 2:22-cv-11519

v.                              Hon. Linda V. Parker

ANDRUS WAGSTAFF, PC

     Defendant.

_____/

| | |
|---|---|
| MARC L. NEWMAN | THOMAS G. MCNEILL |
| THE MILLER LAW FIRM, P.C. | K. SCOTT HAMILTON |
| Attorneys for Plaintiff | DICKINSON WRIGHT PLLC |
| 950 W. University Dr. | Attorneys for Defendant |
| Ste. 300 | 500 Woodward Avenue |
| Rochester, MI  48307 | Suite 4000 |
| (248) 841-2200 | Detroit, MI  48226 |
| mln@millerlawpc.com | tmcneill@dickinsonwright.com |
| | khamilton@dickinsonwright.com |

_____/

**DEFENDANT'S MOTION TO DISMISS COUNT II
OF PLAINTIFF'S COMPLAINT FOR FAILURE TO
STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**

Defendant Andrus Wagstaff, PC, by and through counsel Dickinson Wright

PLLC, moves under Fed. R. Civ. P. 12(b)(6) to dismiss Count II of Plaintiff Lipton

Law Center P.C.'s Complaint for failure to state a claim for conversion.

On August 12, 2022 Defendant's counsel contacted Plaintiff's counsel by

telephone to seek concurrence in the relief requested in this Motion.  After discussing

the grounds for the Motion, and Plaintiff's responses to it, concurrence was not obtained.

In support of the Motion, Defendant relies upon its Brief in Support filed herewith.

<div style="margin-left: 40%">

Respectfully submitted,

DICKINSON WRIGHT PLLC

</div>

By:    /s/ K. Scott Hamilton
        Thomas G. McNeill
        K. Scott Hamilton
        Attorneys for Defendant
        500 Woodward Avenue
        Suite 4000
        Detroit, MI  48226
        (313) 223-3500
        tmcneill@dickinsonwright.com
        khamilton@dickinsonwright.com

Dated: August 15, 2022

4861-5897-6046 v1 [102984-1]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIPTON LAW CENTER, P.C.,

     Plaintiff,                    Case No.: 2:22-cv-11519

v.                                Hon. Linda V. Parker

ANDRUS WAGSTAFF, PC

     Defendant.

_____/

| | |
|---|---|
| MARC L. NEWMAN | THOMAS G. MCNEILL |
| THE MILLER LAW FIRM, P.C. | K. SCOTT HAMILTON |
| Attorneys for Plaintiff | DICKINSON WRIGHT PLLC |
| 950 W. University Dr. | Attorneys for Defendant |
| Ste. 300 | 500 Woodward Avenue |
| Rochester, MI 48307 | Suite 4000 |
| (248) 841-2200 | Detroit, MI 48226 |
| mln@millerlawpc.com | tmcneill@dickinsonwright.com |
| | khamilton@dickinsonwright.com |

_____/

**BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COUNT II OF PLAINTIFF'S
COMPLAINT FOR FAILURE TO STATE A
<u>CLAIM UNDER FED. R. CIV. P. 12(b)(6)</u>**

# TABLE OF CONTENTS

I.    FACTS .................................................................................................3

II.   ARGUMENT .....................................................................................5

     A.    Standard of Review. ...............................................................5

     B.    Plaintiff's Complaint Fails to State a Claim for Conversion. ...............6

         1.    Plaintiff alleges no duty or right to fees separate from the alleged contract between Plaintiff and Defendant...................................7

         2.    Plaintiff fails to allege that Andrus Wagstaff obtained the money at issue without Plaintiff's consent to create a debtor-creditor relationship. ..................................................................9

         3.    Plaintiff does not claim it is entitled to specific and identifiable funds. ......................................................................14

III.  CONCLUSION.................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n,* 176 F.3d 319 (6th Cir. 1999)................................................................................................2

*Aroma Wines & Equip, Inc. v. Columbia Distr. Servs., Inc.*, 497 Mich. App. 337 (2015)........................................................................................................4

*Ashcroft v Iqbal*, 556 U.S. 662 (2009).......................................................................2

*Bassett v. Nat's Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008) .................3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)...............................................2

*Churelle v Pioneer State Mut. Ins. Co.*, 258 Mich App. 260, 671 N.W.2d 125 (2003) ........................................................................................................8

*Citizens Ins. Co. of America v. Delcamp Truck Ctr., Inc.,* 178 Mich. App. 570, 444 N.W.2d 210 (1989) ......................................................................6

*Elkins v. Benner*, 2017 WL 4518897 (Mich. App., Oct. 10, 2017) .........................10

*Foremost Ins. Co. v. Allstate Ins. Co.* 439 Mich. 378, 486 N.W.2d 600 (1992) ........................................................................................................7

*Hagan v. Baird,* 288 F.Supp.3d 803 (W.D. Mich. 2018) .........................................6

*Head v. Phillips Camper Sales & Rental, Inc.*, 234 Mich. App. 94, 593 N.W.2d 595 (1999) ............................................................................6, 8

*In re Schwartz,* 622 Fed. Appx. 485 (6th Cir. 2015) .................................................5

*Lansing Ice and Fuel Co. v. Smith*, 2017 WL 1337493 (Mich. App., April 11, 2017) ........................................................................................................4

i

*Lawsuit Fin., LLC v. Curry*, 261 Mich. App. 579; 683 N.W.2d 233 (2004)............6

*Llewellyn Jones v. Metro Prop. Grp., LLC,* 22 F. Supp.3d 760 (E.D. Mich. 2014) ................................................................................. 4-5

*Micha USA LLC v Benchmark Healthcare Consultants LLC*, 2022 WL 2867183 (E.D. Mich., July 20, 2022) .................................3

*Oak Street Funding, LLC v. Ingram*, 511 Fed. Appx. 413 (6th Cir. 2013) ...............4

*Sutherland v. O'Malley*, 882 F.2d 1196 (7th Cir. 1989)............................................11

*Thrift v. Haner*, 286 Mich. 495, 282 N.W. 219 (1938) ............................................7

*Windrush Inc. v. Vanpopering*, 2015 WL 5314831 (Mich. App. Sept. 10, 2015) ..................................................................................10

**Statutes**

MCL 600.2919a ....................................................................................... 3-4, 9

**Rules**

Fed. R. Civ. P. 12(b)(6).......................................................................... 2, 13

MCR 2.116(C)(8).............................................................................................7

## I.     FACTS

Plaintiff Lipton Law Center, P.C. ("Lipton Law"), a Michigan law firm, has sued Defendant Andrus Wagstaff, PC ("Andrus Wagstaff"), a Colorado-based law firm, for (1) breach of contract (Count I) (R.1, Complaint ¶¶ 21-26) and (2) statutory conversion (Count II) (R.1, Complaint ¶¶27-33), alleging that Andrus Wagstaff breached an agreement to pay Lipton Law the full 5% of the attorneys' fees Andrus Wagstaff received in settling litigation on behalf of sex abuse victims of Larry Nasser ("Nasser Litigation").   The Nasser Litigation was multi-faceted, involving a Michigan-action prong against Michigan State University, and also an Indiana-action prong against the bankrupt USA Gymnastics.   Through an exchange of emails, Lipton Law agreed to serve as Andrus Wagstaff's local counsel for the Michigan portion of the litigation involving "MSU/Nasser."   In that email exchange, the parties agreed that Lipton Law would receive 5% of the attorney fees for his local Michigan work related to "MSU/Nasser."   (Answer, Ex. 1).   Lipton Law was paid its full 5% for the Michigan litigation in which it served as Andrus Wagstaff's local counsel.   Now, even though it did not perform any work in the Indiana bankruptcy court or perform any work in that litigation, Lipton Law sticks its hand out for more money.   Indeed, it was not paid any amount as local counsel regarding litigation that settled in the matter *In re USA Gymnastics*, Case No. 18-09108 in U.S. Bankruptcy Court for the Southern District of Indiana because Lipton Law served no role as local

3

counsel (or otherwise), never appeared in that action, and local counsel from a different law firm (Rubin & Levin) served that role and was paid for its services.

In the Indiana bankruptcy action, on December 19, 2018 the bankruptcy trustee entered a Notice of Appointment of Additional Tort Claimants Committee of Sexual Abuse Survivors, appointing Marcia Frederick Blanchette with Kimberly Dougherty of Andrus Wagstaff, P.C. as counsel.  (Exhibit 1) (U.S.B.R., S.D. Ind. Case No. 18-09108, R. 97).

On January 10, 2019, the Additional Tort Claimants Committee applied to have the Indiana law firm Rubin & Levin, P.C. appointed as local counsel.  (Exhibit 2) (U.S.B.R. S.D. Ind., Case No. 18-09108, R. 239).  The bankruptcy court granted the Motion on February 4, 2019.  (Exhibit 3) (U.S.B.R., S.D., Case No. 18-09108, R. 239).

On June 4, 2019, Ms. Dougherty moved to appear *pro hac vice* on "behalf of Marcia Frederick Blanchette, individually, and on behalf of all others similarly situated" (Exhibit 4) (U.S.B.R., S.D. Ind., Case No. 18-09108, R. 556), which the bankruptcy court granted on June 5, 2019.  (Exhibit 5) (U.S.B.R., S.D. Ind., Case No. 18-09108, R. 560).  Neither Lipton Law, nor any other lawyer or firm, appeared as local counsel for Andrus Wagstaff's clients in that action.

On May 17, 2022, following settlement of the claims, Rubin & Levin filed its Final Fee Application for its services as local counsel for the Additional Tort

Claimants Committee (Exhibit 6) (U.S.B.R., S.D. Ind., Case No. 18-09108, R. 1901), which the court granted on June 29, 2022. (Exhibit 7) (U.S.B.R., S.D. Ind., Case No. 18-09108, R. 1930).

With respect to its conversion claim, Lipton Law alleges that Andrus Wagstaff did not pay "the fees owed to Lipton Law, thereby exercising dominion over personal property owed to Lipton Law" (R.1, Complaint, ¶28), and that Andrus Wagstaff's "refus[al] to tender those amounts to Lipton Law" constitutes conversion. (R.1, Complaint ¶29).

For the reasons set out below, Count II of Plaintiff's Complaint for conversion fails to state a claim as a matter of law and should be dismissed under Fed. R. Civ. P. 12(b)(6).

## II. ARGUMENT

### A. Standard of Review.

This Court recently set out the standard of review for motions to dismiss under Fed. R. Civ. P. 12(b)(6) as follows:

> To survive a motion to dismiss, Plaintiffs must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Advocacy Org. for Patients &*

*Providers v. Auto Club Ins. Ass'n,* 176 F.3d 319 (6th Cir. 1999) (internal quotation marks omitted).

"Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 664. A plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 555 U.S. at 678.

When ruling on a motion to dismiss, the court may "consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat's Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008).

*Micha USA LLC v Benchmark Healthcare Consultants LLC*, 2022 WL 2867183

(E.D. Mich., July 20, 2022), at *3.

## B.   Plaintiff's Complaint Fails to State a Claim for Conversion.

Mich Comp. Laws §600.2919a provides:

(1)   A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:

(a)   Another person's stealing or embezzling property or converting property to the other person's own use.

(b)   Another's person's buying, receiving, possession, concealing, or aiding in the

6

concealment of stolen, embezzled, or converted property when the person is buying, receiving, possessing, concealing, or aiding in the concealment, of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

(2)   The remedy provided by this section in addition to any other right or remedy the person may have at law or otherwise.

This Court has held that "Section (1)(a) of the conversion statute is satisfied by demonstrating common-law conversion, with the additional element that the conversion was to the 'other person's own use'." *Micha, supra* (citing *Aroma Wines & Equip, Inc. v. Columbia Distr. Servs., Inc.*, 497 Mich. App. 337, 355-59 (2015)). *See also Lansing Ice and Fuel Co. v. Smith*, 2017 WL 1337493 (Mich. App., April 11, 2017), at *3 ("MCL 600.2919a provides a statutory conversion claim that is separate and distinct from a common law conversion claim, but which necessarily incorporates the elements of a common-law conversion claim").

### 1.   Plaintiff alleges no duty or right to fees separate from the alleged contract between Plaintiff and Defendant.

*Micha* explained that "a party alleging the tort of conversion must allege a violation of a legal duty that is separate and distinct from contractual obligations." *Micha, supra* at 7 (citing *Llewellyn Jones v. Metro Prop. Grp., LLC,* 22 F. Supp.3d 760, 788 (E.D. Mich. 2014)("it is possible for a party's conduct to result in both a breach of contract and a tort of common law conversion so long as the defendant's

7

conduct constituted a breach of duty separate and distinct from the breach of contract"); *Oak Street Funding, LLC v. Ingram*, 511 Fed. Appx. 413, 418 (6th Cir. 2013)("Oak Street's failure to allege a violation of a legal duty that is separate and distinct from contractual obligations precludes it from bringing the conversion claims")).  The Sixth Circuit has explained that under Michigan law, conversion requires the plaintiff to have "a property interest to distinguish it from a contractual obligation, which will not support a conversion claim by itself." *In re Schwartz,* 622 Fed. Appx. 485, 491 (6th Cir. 2015).

This Court dismissed the plaintiff's conversion count in *Micha* for failure to state a claim where the plaintiff alleged the defendant, a nursing home management business, "converted funds intended to benefit the nursing homes by using them to pay its regional employees." *Micha, supra* at *7.  But the "Plaintiffs allege[d] no separate and distinct duty aside from [the defendant's] contractual duty to manage the nursing homes," and that "dispute . . . does not support a claim for conversion." *Id.  See also Llewellyn-Jones*, *supra*, 22 F. Supp.3d at 788-89 ("[t]he gravamen of the complaint is that the defendants failed to manage the properties in conformity with the parties' contractual agreement and charged the plaintiffs for management services that were unnecessary or never completed," and "[t]hat does not state a cause of action for conversion").

In the present case, Plaintiff does not allege the breach of any duty by Andrus Wagstaff separate and independent of the alleged contract between them under which Andrus Wagstaff would pay Lipton Law 5% of the attorneys fees Andrus Wagstaff received in the underlying litigation. *See* R.1*,* Complaint ¶¶27-33.   It therefore fails to state a claim for common law conversion, which is an essential element to a claim for statutory conversion.   Count II must therefore be dismissed.

> **2.     Plaintiff fails to allege that Defendant obtained the money at issue without Plaintiff's consent to create a debtor-creditor relationship.**

Under Michigan law, "[f]or conversion of money to occur, the defendant must have an obligation to return the specific money entrusted to his or her care, and the defendant must have obtained the money without the owner's consent to the creation of a debtor and creditor relationship." *Hagan v. Baird,* 288 F. Supp.3d 803, 807 (W.D. Mich. 2018)(citing *Head v. Phillips Camper Sales & Rental, Inc.*, 234 Mich. App. 94; 593 N.W.2d 595, 603 (1999); *Citizens Ins. Co. of America v. Delcamp Truck Ctr., Inc.,* 178 Mich. App. 570, 444 N.W.2d 210, 213 (1989); and *Lawsuit Fin., LLC v. Curry*, 261 Mich. App. 579; 683 N.W.2d 233, 341 (2004)(*per curium*) (finding that the complaint failed to state a claim for conversion because the plaintiff did not allege that the defendant obtained litigation proceeds without consent)).

Although there is no controlling Michigan authority addressing whether an attorney referral fee can be the subject of conversion, *Lawsuit Fin., LLC v. Curry*,

261 Mich. App. 579; 683 N.W.2d 233 (2004), is on-point and dispositive.  In *Curry*, the plaintiff was a litigation funding company that financed a lawsuit brought by an injured tort victim (Curry) who was represented by Feiger, Feiger, Kenney & Johnson, P.C. ("Fieger").  Under a contract between the litigation funder and Curry, the funder was "entitled to $887,500 or 10 percent of the proceeds of any recovery in the lawsuit, whichever [was] greater."  261 Mich. App. At 582-83.  After "Curry settled the lawsuit for $4.7 million, [the litigation funder] repeatedly demanded that defendants [i.e., Curry and Feiger] pay it $887,500 as provided in the agreement." *Id.* at 583.  They did not pay and the funder sued, alleging that "despite repeated inquiries, defendants have not divulged the status of the funds, defendant Curry has converted the funds for her own benefit, and defendant Feiger has aided and abetted that conversion." *Id.*

Defendant "Feiger moved for summary disposition pursuant to MCR 2.116(C)(8), arguing the plaintiff failed to state a claim for statutory conversion because an action may not be maintained in tort for the conversion of money. *Thrift v. Haner*, 286 Mich. 495, 497-98; 282 N.W. 219 (1938), and because defendant Feiger lawfully came into possession of the litigation proceeds." *Id.*

The trial court granted the motion and "dismiss[ed] plaintiff's count[] for statutory conversion," holding that "plaintiff failed to state a claim for statutory conversion because Feiger lawfully received the judgment proceeds and because

property that rightfully comes into a defendant's possession is not converted just because another claims a right to it." *Id.* at 584.

The Michigan Court of Appeals affirmed, holding as follows:

> Conversion is defined as "any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Foremost Ins. Co. v. Allstate Ins. Co.* 439 Mich. 378, 391, 486 N.W.2d 600 (1992). To support an action for conversion of money, the defendant "'must have obtained the money without the owner's consent to the creation of a debtor-creditor relationship'" and "must have an obligation to return the specific money entrusted to his care." *Head v. Phillips Camper Sales & Rental, Inc.*, 234 Mich. App. 94, 111-112, 593 N.W.2d 595 (1999) . . . .
>
> . . . [P]laintiff failed to state a claim for common-law conversion because ***it failed to allege that defendant Feiger's initial exercise of domain over the property was in fact wrongful***. "'The defendant must have obtained the money without the owner's consent to the creation of a debtor and creditor relationship.'" *Head, supra*, at 112, 593 N.W.2d 595 (citation omitted). Here, plaintiff failed to allege facts establishing that defendant Feiger obtained the litigation proceeds without Curry's consent. The first amended complaint merely alleges that defendant Feiger "knowingly, intentionally and wrongfully exercised dominion and control over [plaintiff's] share of the Funds for its own benefit, use and purpose." A mere statement of a pleader's conclusions, unsupported by allegations of fact, will not suffice to state a cause of action. *Churelle v Pioneer State Mut. Ins. Co.*, 258 Mich App. 260, 272, 671 N.W.2d 125 (2003).

*Curry, supra*, 261 Mich. App. At 591-92 (emphasis added).

11

First, in exactly the same way, Lipton Law fails to allege that Andrus Wagstaff obtained the settlement proceeds (from which Lipton Law alleges it's 5% would be paid) without consent to the creation of a debtor and creditor relationship. To the contrary, Lipton Law's Complaint specifically alleges that the money at issue is money "*owed to* Lipton Law" by Andrus Wagstaff (R.1, Complaint, ¶28)(emphasis added), that Andrus Wagstaff "has refused to tender payment to Lipton Law the amounts *which it is due*" (R.1, Complaint, ¶20)(emphasis added), and that Andrus Wagstaff has allegedly "failed to pay Lipton Law for the services rendered" out of the settlement proceeds and its attorneys fees. (R. 1, Complaint, ¶¶18 and 25). That alleged arrangement intentionally created a debtor-creditor relationship between the parties, and Lipton Law does not (because it cannot) allege that it did not consent to that relationship.[1]

In *Lansing Ice, supra*, the plaintiff alleged the defendant converted money by not making timely payment under a charge card. The plaintiff "did not allege facts . . . to show that defendant's alleged breach of contract governing the charge card was separate and distinct from the duties owed pursuant to his cardholder agreement," but alleged "that defendant breached the cardholder agreement by

---

[1] Plaintiff alleges it "has not and does not consent to Defendant's continued retention of Lipton's earned fees" (R. 1, Complaint, ¶31), but it does not allege that Andrus Wagstaff received the settlement proceeds without consent to create a debtor-creditor relationship between Andrus Wagstaff and Lipton law.

failing to timely make the monthly minimum payments due on the card." *Lansing Ice*, at *3.  Because the "cardholder agreement formed a debtor-creditor relationship . . . plaintiff could not establish that defendant converted property – i.e., money . . . which was necessary to advance a claim under MCL 600.2919a." *Id.*  Therefore, "the statutory conversion claim failed as a matter of law. . . ." *Id.*

In the present case, the alleged agreement between Lipton Law and Andrus Wagstaff formed a debtor-creditor relationship (hence Plaintiff's allegation that Andrus Wagstaff *owes* Plaintiff the money it seeks) which precludes any conversion claim.

Second, and independently, Lipton Law utterly fails to allege that Andrus Wagstaff's "*initial* exercise of domain over the property was in fact wrongful." *Curry, supra*, 261 Mich. App. At 591-92 (emphasis added).  Andrus Wagstaff properly received the settlement proceeds from the underlying litigation from which Andrus Wagstaff's and Lipton Law's fees were to be paid, and Plaintiff does not (because it cannot) allege otherwise.  Its failure to allege that Andrus Wagstaff initially obtained the settlement proceeds without Lipton Law's consent is fatal to its conversion claim, just as in *Curry.  See also Windrush Inc. v. Vanpopering*, 2015 WL 5314831 (Mich. App. Sept. 10, 2015), at *6 ("there is no basis for finding any

13

defendant's [sic] initial possession of money retained from the sale . . . was unlawful" and therefore no conversion claim could be maintained).[2]

### 3. Plaintiff does not claim it is entitled to specific and identifiable funds.

In order "[t]o support an action for conversion of money, the defendant must have an obligation to return the specific money entrusted to his care." *Head, supra* at 234 Mich. App. at 111. Plaintiff alleges not just that it is "entitle[d] . . . to 5% of the fee earned by Andrus Wagstaff PC" (R., Complaint ¶18), but that it is "entitl[ed] . . . to an upward adjustment in its fee, reflecting the services rendered." (R.1, Complaint, ¶19). Plaintiff does not allege how much of an "upward adjustment" it is entitled to, leaving the amount at issue indeterminate and unspecified.

To state a claim for conversion of money, a plaintiff must allege specific funds to which it claims an interest. *Head, supra*. Based on Plaintiff's own Complaint, it does not specify what percentage of the attorney fee it claims to be entitled, instead

---

[2] An unpublished and non-binding Michigan Court of Appeals opinion, *Elkins v. Benner*, 2017 WL 4518897 (Mich. App., Oct. 10, 2017) held that the "trial court erred in dismissing plaintiff's count for conversion for the reason that plaintiff failed to establish an obligation by [an attorney] to deliver specific money to plaintiff," who was another attorney claiming that it was entitled to a referral fee. *Id.* at *6.

In addition to being unpublished and non-precedential, *Elkins* is not even persuasive authority regarding the present action for at least three reasons 1) it completely failed to acknowledge *Curry*, a binding opinion that compelled a different result; (2) it relied on foreign authority from Pennsylvania, not controlling Michigan precedent; and (3) *Elkins* involved "money [that] was specific, i.e., it was an identifiable referral fee from settlement funds," *id.* at *4, whereas in the present action Plaintiff claims it is entitled to an "upward adjustment" of its referral fee, asserting a non-specific and indeterminate amount at issue, precluding a conversion claim as a matter of law. *See infra,* Section II (B)(3).

14

ambiguously alleging it is something more than 5%.  As such, it fails to state a claim for conversion of money.

*Sutherland v. O'Malley*, 882 F.2d 1196 (7th Cir. 1989), involved similar facts and held a lawyer could not maintain a conversion claim for an allegedly withheld referral fee.  Lawyer Sutherland had a contingency fee agreement with client Albright.  Sutherland and lawyer O'Malley became co-counsel and agreed to an "arrangement to split fees on a fifty-fifty basis or other equitable arrangement based on the degree of effort . . . ."  *Id.* at 1198.  After the case settled, O'Malley took possession of the settlement proceeds and retained them "subject to further agreement between us."  *Id.*

Sutherland sued, alleging conversion.  The Seventh Circuit, applying Illinois law principles that are identical to Michigan's, held that "[b]ecause Ms. Sutherland has a claim only for an indeterminate portion of the attorney's fees generated by the Albright settlement, the district court properly rejected her conversion claim."  *Id.* at 1200.  It explained that "[w]here the plaintiff's right is merely to 'an indeterminate sum' of money, a conversion action cannot successfully be maintained," and "[i]nstead a defendant wrongfully depriving a plaintiff of an indeterminate sum of money is liable for a debt, rather than a conversion."  *Id.*

In the same way, in the present case Plaintiff alleges that it is entitled to some unspecified and indeterminate amount based upon an "upward adjustment" of its fee

based upon additional "services rendered." (R.1, Complaint, ¶19). Plaintiff's claim to an unspecified and indeterminate amount may, in theory, support a breach of contract claim based upon a debt, but not a claim for conversion.

### III.    CONCLUSION

Plaintiff fails to state a conversion claim, and Count II should therefore be dismissed under Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

DICKINSON WRIGHT PLLC

By:    /s/ K. Scott Hamilton
        Thomas G. McNeill
        K. Scott Hamilton
        Attorneys for Defendant
        500 Woodward Avenue
        Suite 4000
        Detroit, MI  48226
        (313) 223-3500
        tmcneill@dickinsonwright.com
        khamilton@dickinsonwright.com

Dated:  August 15, 2022

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing pleading was electronically filed with the Clerk of the Court using the electronic filing system on August 15, 2022 which will serve notice of same upon counsel of record.

<div style="text-align: right;">

/s/ K. Scott Hamilton
K. Scott Hamilton

</div>