UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIPTON LAW CENTER, P.C.,

     Plaintiff,                   Case No. 2:22-cv-11519
                                          District Judge Linda V. Parker
v.                                   Magistrate Judge Kimberly G. Altman

ANDRUS WAGSTAFF, PC,

     Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE ORDER COMPELLING DISCOVERY RESPONSES FROM DEFENDANTS AND FOR CONTEMPT (ECF No. 25)

### I.     Introduction

This is a contract dispute.  Plaintiff Lipton Law Center, P.C. (Lipton), a Michigan law firm, is suing defendant Andrus Wagstaff, PC (Andrus), a Colorado law firm, based on an attorney fee arrangement for Lipton's services as local counsel for Andrus.  *See* ECF No. 10, Amended Complaint.

Before the Court is Lipton's motion to enforce the Court's order compelling discovery responses from Andrus and for contempt.  (ECF No. 25).  Under 28 U.S.C. § 636(b)(1)(A), the motion was referred to the undersigned.  (ECF No. 26).  The motion is fully briefed, (ECF Nos. 27, 28), and the parties were notified that

the motion would be decided without oral argument, (ECF No. 29).[1]  For the

reasons stated below, Lipton's motion will be GRANTED IN PART and DENIED

IN PART.  No sanctions or costs shall be awarded, and Andrus is ordered to

provide the discovery documents referenced below on or before **Thursday,**

**September 28, 2023**.

## II.      Background

Lipton's suit arises out of an alleged breach of contract by Andrus.  Lipton

alleges that Andrus agreed to pay Lipton 5% of the attorney's fees Andrus would

collect out of representation of twenty plaintiffs who sued Lawrence Nassar,

Michigan State University, the USA Gymnastics, Inc. (USAG), the United States

Olympic Committee (USOC), and Twistars USA (Twistars).  Lipton alleges that it

received 5% of the fees arising out of the first settlement in that case, but that it is

entitled to an upward adjustment in the attorney's fee percentage based on extra

legal services provided to Andrus as contemplated in the contract.  (ECF No. 10)

Lipton also alleges that it did not receive any amount of attorney's fees from

a second settlement in that case and is entitled to at least 5% of those fees.  (*Id*.).

Andrus says that the second settlement arose out of a separate action in the United

States Bankruptcy Court for the Southern District of Indiana and that Lipton had

---

[1] Andrus also filed a motion for summary judgment on September 6, 2023, and an amended motion for summary judgment on September 7, 2023, that have not been referred to the undersigned.  (ECF Nos. 30, 31).

no involvement or contractual right to fees arising out of that action.  (ECF No. 27, PageID.269-270).

As to discovery, Lipton served its first requests for production of documents on Andrus on November 11, 2022.  (ECF No. 25-2).  Andrus failed to timely respond to the request, and a stipulated order was entered stating, "Defendant shall submit full and complete responses to Plaintiff's First Request for Production of Documents to Defendant, along with documents responsive to the Requests, no later than February 6, 2023."  (ECF No. 18, PageID.158).  Andrus did so.  (ECF No. 25-4).  However, Lipton says that the responses were incomplete and outlined its issues with them in a February 8, 2023 letter to Andrus.  (ECF No. 25-5).

On March 31, 2023, Lipton served Andrus with a second set of requests for production along with interrogatories and requests for admission.  (ECF No. 25-6).  These requests were the subject of a second stipulated order, requiring Andrus to respond by June 21, 2023.  (ECF No. 22).  Andrus responded on the date due.  (ECF No. 25-8).  But again, Lipton found the responses to be incomplete and outlined its issues in a June 30, 2023 email.  (ECF No. 25-9).  However, that email was apparently filtered into defense counsel's spam folder, (ECF No. 25, PageID.177).

On August 1, 2023, Lipton filed the instant motion.  (ECF No. 25).  Lipton seeks complete responses and sanctions under Federal Rule of Civil Procedure

37(b)(2)(a), including attorney's fees related to the cost of bringing the motion, an order holding Andrus in contempt of court, and entry of a default judgment against Andrus.  (*Id.*, PageID.178).

### III.    Legal Standard

The scope of discovery permits a party to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  The scope, however, may be "limited by court order," *id*., meaning it is within the sound discretion of the Court.  *See State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) ("Further, a court has broad discretion over discovery matters . . . and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and an order of the same is overruled only if the district court finds an abuse of discretion." (internal citation omitted)).  Moreover, discovery is more liberal than even the trial setting, as Rule 26(b) allows discovery of information that "need not be admissible in evidence."  Fed. R. Civ. P. 26(b)(1).

If a party believes that another party is not complying with discovery requests, then it may file a motion to compel.  Motions to compel are governed by

Federal Rule of Civil Procedure 37(a)(3)(B), which states, "[a] party seeking

discovery may move for an order compelling an answer, designation, production,

or inspection."

IV.   Discussion

A.   Timeliness

Andrus argues that Lipton's motion, which Andrus categorizes as a motion

to compel, should be denied as untimely because it was filed almost a month after

the close of discovery.  Lipton says that it did not file a motion to *compel*, but

rather, a motion to *enforce* the Court's orders compelling discovery, which it

argues Andrus violated by sending incomplete discovery responses.  Lipton also

says that even if its motion is viewed as a motion to compel, there is no strict rule

that such motions cannot be filed shortly after the close of discovery.

The Court is not persuaded that Lipton's motion should be analyzed as a

motion to enforce the Court's previous orders, (ECF Nos. 18, 22).  Those orders

required Andrus to respond to Lipton's discovery requests by certain dates, and

Andrus delivered those responses on those dates.  While the orders state that

Andrus must submit "full and complete responses" to Lipton's discovery requests,

(*id*.), they cannot be read to have required Andrus to provide responses containing

irrelevant, disproportionate, or privileged matter.  In short, Andrus was not

foreclosed from objecting to Lipton's requests in its responses.  Thus, Lipton's

5

contention that Andrus violated the orders by doing so is without merit.

Lipton's motion is more properly viewed as a motion to compel. *See* ECF No. 25, PageID.201 ("WHEREFORE, Plaintiff respectfully requests this Honorable Court GRANT its Motion to Compel and ORDER Defendant to fully respond to Plaintiff's Request[s] for Production of Documents.").

As to whether Lipton's motion was timely, "[a] district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery." *Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000) (citing *Ginett v. Fed. Express Corp.*, 1998 WL 777998, 166 F.3d 1213 (6th Cir. Oct. 21, 1998) (unpublished table decision)).  In *Ginett*, the Sixth Circuit held that the district court did not abuse its discretion in denying a motion that "would have compelled [the defendant] to disclose documents after the expiration of the discovery deadline."  166 F.3d 1213 at *5.  *Ginett* involved a discovery request made seven months after the plaintiff became aware of the requested documents; the request was made four days before the expiration of discovery, and the motion to compel was filed two months after the close of discovery.  *Id.* at *4-5.  Similarly, in *Willis*, the plaintiff filed a discovery request that "virtually ensured" it could not be responded to by the discovery deadline, and moved to compel disclosure of the documents four months after the deadline expired.  123 F. Supp. 2d at 401.

6

Andrus cites several other cases from this district that have denied motions to compel filed after the close of discovery. *See* ECF No. 27, PageID.274 (citing *Costa v. Min & Kim, Inc*., No. 15-14310, 2017 WL 11317619 (E.D. Mich. June 21, 2017); *Curry v. SBC Comm'ns, Inc*., No. 06-cv-11728, 2009 WL 728545, at *1 (E.D. Mich. Mar. 19, 2009); *Lavigne v. Dow Chem., Inc*., No. 09-10146-BC, 2010 536912, at *2 (E.D. Mich. Feb. 2, 2010); *Wendorf v. JLG Indus., Inc*., No. 08-12229, 2010 WL 148254 (E.D. Mich. Jan. 11, 2010); *Sanders v. Robert Half Int'l Inc*., No. 22-12532, 2023 WL 3901486 (E.D. Mich. June 8, 2023); *Choate v. Nat'l R.R. Passenger Corp*., 132 F. Supp. 2d 569 (E.D. Mich. 2001); *Suntrust Bank v. Blue Water Fiber, L.P*., 210 F.R.D. 196 (E.D. Mich. 2002)). However, most of these cases involve delays greater than Lipton's, which was filed twenty-five days after the close of discovery.

Other courts have noted that there is no rule requiring a motion to compel filed after the close of discovery to be denied. After all, a court *may*, not *must*, deny such a motion. *See Willis*, 123 F. Supp. 2d at 401. In *Victor v. Reynolds*, the court noted that "Rule 37(b) 'is silent on the issue of timing.' " 2023 WL 112459, at *3, ___ F. Supp. 3d___, ___ (E.D. Mich. Jan. 5, 2023) (quoting *Kasuri v. St. Elizabeth Hosp. Med. Ctr.*, 897 F.2d 845, 856 (6th Cir. 1990), *reconsideration denied*, No. 1:20-CV-13218, 2023 WL 4157616 (E.D. Mich. June 23, 2023)). The *Victor* court found that, "if anything, Rule 37(b) should be read with no time

7

limit." *Id*.

Another court found that "[w]hile Rule 37 itself does not provide a time limit for the filing of motions for sanctions pursuant to its provisions, Courts have routinely held that 'unreasonable delay may render such a motion untimely.' " *Williams v. Nationwide Ins. Co.*, No. 12-13904, 2014 WL 12659422, at *4 (E.D. Mich. Apr. 29, 2014) (quoting *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994) and citing Second and Tenth Circuit authority). The *Williams* court noted that "[c]ourts have routinely held that such motions must be filed without unreasonable delay" and that "[w]hat constitutes unreasonable delay is inherently case-specific." *Id*. at *5. "Some courts have based the timeliness of motions on the length of time since discovery of the violation or the length of time since discovery closed." *Id*. "Prejudice to the [non]moving party is also a consideration." *Id*.; *see also Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (finding no unreasonable delay in the filing of a Rule 37 motion where the nonmovant did not allege prejudice as a result of the timing).

Here, any delay on Lipton's part in filing its motion was not unreasonable. Lipton received responses to its second discovery request on June 21, 2023, and attempted to resolve its issues by emailing Andrus' counsel on June 30, 2023. (ECF No. 25, PageID.177). This correspondence was never answered, and on July 27, 2023, counsel conferred by phone. (*Id*.). Later that day, Lipton provided a

8

draft version of its motion to Andrus, and receiving no concurrence, filed the motion on August 1, 2023.  Because there is no rule against filing a motion to compel after the close of discovery, and because the timing of Lipton's motion was reasonable, the Court will consider the merits of Lipton's motion.

B.      Discovery

1.      Discovery Requests and Responses

Lipton says that Andrus failed to adequately answer the following discovery requests: requests 13, 15, 17, and 18 from Lipton's first request to produce and requests to produce 7 and 13 and interrogatories 5 and 6 and from Lipton's second set of discovery requests.  These requests and Andrus' responses are outlined below.

Lipton's First Set of Discovery Requests (ECF No. 25-4):

**REQUEST 13**: Please produce all communications by Defendant or Defendant's employees relating to the local fee arrangement with Lipton Law, whether that communication was within or among Defendant's employees, associates, or attorneys, or between Defendant and any other firm, attorney or individual.

> **RESPONSE:** See the documents accompanying these Responses.

**REQUEST 15:** Please produce all communications by Defendant or Defendant's employees relating to any claimed waiver of the attorney fee by Lipton Law.

> **RESPONSE:** Defendant has no documents responsive to this request.

9

**REQUEST 17:** Please produce all communications by Defendant or Defendant's employees relating to the entitlement (or lack thereof) of Lipton Law to an attorney fee arising out of services rendered to or on behalf of the Nasser [sic] clients.

> **RESPONSE:** Defendant objects to this request to the extent that it requests Defendants [sic] to produce documents that are in Plaintiff's possession.  Notwithstanding the foregoing, see the documents accompanying these Responses.

**REQUEST 18.** Please produce all communications by Defendant or Defendant's employees related to the work performed by Lipton Law on the MSU/Nasser [sic] cases.

> **RESPONSE:** Defendant objects to this request to the extent that it requests Defendants [sic] to produce documents that are in Plaintiff's possession.  Notwithstanding the foregoing, see the documents accompanying these Responses.

Lipton's Second Set of Discovery Requests (ECF No. 25-8):

**INTERROGATORY 5:** Identify all fees you claim entitlement to or that have been received to date relating to any payments made by any individual or entity covered by the complaint filed by Lipton Law in the Western District of Michigan, including but not limited to USOC, USAG, and Twistars, and any other individual or entity, on behalf of the client identified in the complaint filed by Lipton law by the initials MC.

> **RESPONSE:** None.

**INTERROGATORY 6:** If client "MC" has not yet received a settlement distribution, and/or You have not received any fees from such settlement distribution, arising out of the settlements with parties identified in the complaint filed by Lipton Law in the Western District, including but not limited to USOC, USAG, and Twistars, describe in detail why that has not yet occurred.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks information protected by attorney-client privilege.

10

Defendant further objects on the ground that it seeks information that is neither relevant, nor which is proportional to the needs of this case. Plaintiff's claim is based on an alleged agreement between it and Defendant for a percentage of attorneys' fees received as the result of settlement or other recovery by the clients in the underlying action. The reason(s) why any client has not received a settlement distribution is immaterial. Notwithstanding this objection MC received a settlement distribution regarding the complaint filed by Lipton Law in the Western District of Michigan against Michigan State University, the specific amount of which is set out in the client disbursement statement of which Plaintiff is in possession.

**REQUEST 7:** Produce all correspondence regarding any obligations to pay fees to Lipton Law, arising out of payments made by [or] on our behalf of any individual or entity covered by the complaint filed by Lipton Law in the Western District of Michigan, including but not limited to USOC, USAG, and Twistars, and any other individual or entity, between you and the following:

- Any representative, employee, agent, officer, director, partner or other individual speaking on behalf of Andrus Wagstaff,

- Kim Dougherty and/or any representative, employee, agent, officer, director, partner or other individual speaking on behalf of the Justice Law Collaborative,

- Melissa Hague and/or any representative, employee, agent, officer, director, partner or other individual speaking on behalf of the Joel Bieber firm.

**RESPONSE:** Defendant objects to the request on the grounds that it exceeds the discovery limits of Fed. R. Civ. P. 26(b) because (1) it seeks the production of documents that are not relevant to any claim or defense in this action, which action is based on an alleged written agreement between Plaintiff and Defendant; and (2) the requested documents are not proportional to the needs of the case, given that the dispute involves Plaintiff's allegation that Defendant breached a fee agreement that existed between them, which fee agreement is wholly unrelated to the

11

documents sought in this request.

**REQUEST 12:** Admit that client MC received a settlement allocation by the claims administrator for the payments made in the USA Gymnastics settlement.

    **ANSWER:** Admitted.

**REQUEST 13:** Identify and produce all documents evidencing the allocation client MC received, relating to the foregoing request.

    **ANSWER:** Defendant objects to the request on the ground that it seeks documents that are not relevant, nor which are proportional to the needs of the claims and defenses in this case. Plaintiff's claim is for payment of fees under an alleged agreement with Defendant that is based on a percentage of the attorneys' fees stemming from each client's settlement amount or other recovery. Given Defendant has received none regarding client MC, the amount of any allocation has no relevance to Plaintiff's claim.

2.    Analysis

a.    Boilerplate Objections

Lipton first argues that Andrus has waived the right to object because "virtually all" of Andrus' responses to the first set of discovery requests are "a version" of the following impermissible boilerplate:

Defendant objects to the request on the grounds that it exceeds the discovery limits of Fed. R. Civ. P. 26(b) because (1) it seeks the production of documents that are protected by attorney-client privilege; (2) it seeks production of documents that are not relevant to any claim or defense in this action, which action is based on an alleged written agreement between Plaintiff and Defendant that is separate from and independent of any agreements between Defendant and the Nassar Clients; and (3) the requested documents are not proportional to the needs of the case, given that the dispute involves Plaintiff's allegation

12

that Defendant breached a fee agreement that existed between them,
which fee agreement is wholly unrelated to the documents sought in
this request.

(ECF No. 25, PageID.191-192).

"Boilerplate or generalized objections are tantamount to no objection at all
and will not be considered by the Court." *Strategic Mktg and Rsch. Team, Inc. v.
Auto Data Sols., Inc.*, No. 2:15-cv-12695, 2017 WL 1196361, at *2 (E.D. Mich.
Mar. 31, 2017). However, in looking at Andrus' responses set forth above, Andrus
did not repeat these objections verbatim for each discovery request. Each of
Andrus' responses is tailored to the specific request at hand and is either
responsive or explains on which ground (*e.g.*, relevancy, proportionality, or
privilege) Andrus objects. Furthermore, examining the rest of Andrus' responses
attached to Lipton's motion yields a similar finding. In any event, the language
quoted by Lipton is not strictly boilerplate. Andrus explains that the documents it
contends are irrelevant are based on a separate agreement not involving Lipton,
and that documents not related to the agreement between Lipton and Andrus are
not proportional to the needs of the case.

"[A]n objection to a discovery request is boilerplate when it merely states
the legal grounds for the objection without (1) specifying how the discovery
request is deficient and (2) specifying how the objecting party would be harmed if
it were forced to respond to the request." *Wesley Corp. v. Zoom T.V. Prod., LLC,*

13

No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) (internal citation and quotation marks omitted).  That is not the case here.  Therefore, Andrus has not waived its objections, and they will be considered below.

b.    Lipton's First Set of Requests

Lipton argues that requests 13, 15, and 17 of its first set of discovery requests are relevant because "[s]imply put, a decision was made at some point to not pay Lipton the 5% fee for some Nasser [sic] cases, when it had been paid for other Nasser [sic] cases."  (*Id.*, PageID.198).  Andrus responded that it provided documents responsive to request 13, had no responsive documents to request 15, and objected to request 17 on the ground that the requested documents were in Lipton's possession while also noting that Andrus provided responsive documents to that request.

In request 18, Lipton sought all internal Andrus communications related to Lipton's work on the Nassar cases.  Andrus again objected that all such communications were in Lipton's possession, but pointed to the documents it had already provided to Lipton as well.  Lipton argues that while "there is likely some overlap with the document(s) sought by Requests 13, 15 and 17," this request is for internal communications relating to Lipton's work on the underlying cases, not just communications sent to or from Lipton.  (*Id.*, PageID.199).

Internal communications between Andrus attorneys or other employees

14

regarding Lipton's services may or may not prove relevant, but they are proportional to the needs of the case because Lipton contends that it was due an upward adjustment of its agreed upon fee based on providing services beyond those outlined for the 5% fee.  Lipton alleges that these extra services and upward fee adjustment were contemplated in the agreement between Lipton and Andrus. Thus, any internal discussion regarding the fee to which Lipton was entitled could shed light on whether Lipton had provided additional services that entitled it to an upward fee adjustment.

Moreover, neither party has provided the Court a copy of the documents Andrus sent to Lipton with its responses.  *See* E.D. Mich. Local Rule 37.2 ("Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or *a copy of the actual discovery document* which is the subject of the motion." (emphasis added)).  Thus, the Court cannot say whether the documents provided by Andrus included all relevant communications, as the documents were not attached to the motion.  That said, in its responses Andrus appears to have interpreted this as a request for communications *between* Andrus and Lipton.  The request goes farther than that.  Therefore, to the extent that Andrus had internal communications regarding the calculation of the fee entitled to Lipton, Andrus is

15

ordered to provide those documents.  If no such documents exist, or they have already been provided in full to Lipton, Andrus must certify that all responsive documents to these requests have been provided.

c.     Lipton's Second Set of Requests

Request 7 of Lipton's second set of discovery requests asked for correspondence between Andrus and other entities, including those sent by Andrus and those sent or received by members of the Justice Law Collaborative or the Joel Bieber firm.  Andrus says that these documents are related to a separate case in the United States Bankruptcy Court for the Southern District of Indiana, that Lipton "**had absolutely no involvement in the Indiana Bankruptcy Action**" and that a "different law firm . . . served as local counsel" in that case.  (ECF No. 27, PageID.269 (emphasis in original)).  Andrus therefore responded that the documents sought were irrelevant and disproportional because they do not relate to the fee agreement between Lipton and Andrus.  The Court agrees.  Because Lipton did not appear or perform legal services in the Indiana Bankruptcy Action, it cannot claim it is entitled to any fees as a result of the settlement of that case.  Thus, communications between Andrus and local counsel that were obtained in other cases is not related to Lipton's claims and would be disproportional to the needs of this case.  Lipton's motion as to this request is denied.

Lastly, request 13 sought documents evidencing the settlement allocation

16

client "MC" received in the USAG settlement.  Andrus admitted that "MC"

received a settlement allocation by the claims administrator for the payments made

in the USAG settlement.  Andrus argues that this amount is not relevant to any

claim because the settlement has not yet completed.  Lipton argues that "MC's"

settlement will eventually be resolved, Lipton will be entitled to its share of the

attorney's fees, and thus it is entitled to the information in order to calculate its

damages.

The Court understands Andrus' position regarding the relevancy of this

information at the current stage of the case, but finds that this information is

nevertheless proportional to the needs of the case.  This information could become

relevant to Lipton at the time "MC's" settlement is finalized and can otherwise

assist Lipton in its valuation of its claims.  Therefore, Andrus is ordered to provide

the documents sought in request 13 of Lipton's second set of discovery.

### C.   Sanctions

Federal Rule of Civil Procedure 37(b)(2)(A) provides that where a party fails

to obey an order to provide or permit discovery, the Court may render "a default

judgment against the disobedient party" or treat the party's failure to obey an order

"as contempt of court[.]"  However, as discussed above, Andrus' objections to

Lipton's discovery requests do not constitute a violation of either court order that

Lipton points to.  Therefore, Lipton's request for sanctions under Rule 37(b) is

denied.

As previously noted, the Court is treating this motion as a motion to compel. Where a motion to compel is granted in part and denied in part, as here, "the court may . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C); *see also Lucky v. Detroit Prop. Exch. Co.*, No. 2:19-CV-11122, 2020 WL 6118495, at *3 (E.D. Mich. Oct. 16, 2020) ("Finally, the Court awards no costs, neither party having prevailed in full.") (citing Fed. R. Civ. P. 37(a)(5)(C)). Here, while Andrus has been ordered to produce additional documents or certify that all relevant documents have been provided/do not exist, its responses to Lipton's requests were reasonable.  Thus, each party shall bear its own costs as to this motion.

## V.    Conclusion

For the reasons stated above, Lipton's motion, (ECF No. 25), is GRANTED IN PART and DENIED IN PART.  No sanctions or costs shall be awarded, and Andrus is ordered to provide the discovery documents referenced above on or before **September 28, 2023**.

Specifically, Andrus must provide documents evidencing its internal communications regarding the calculation of the fee entitled to Lipton if such documents exist.  If not, Andrus must certify that all responsive documents to these requests have been provided.  Andrus must also provide the documents sought in

18

request 13 of Lipton's second set of discovery, namely, the settlement allocation

for client "MC" in the USAG settlement referenced above.

SO ORDERED.

Dated: September 7, 2023        s/Kimberly G. Altman
Detroit, Michigan                KIMBERLY G. ALTMAN
                              United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 7, 2023.

                        s/Carolyn M. Ciesla
                        CAROLYN M. CIESLA
                        Case Manager